IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**DONALD LEE TAYLOR,**

      **Plaintiff,**

v.                                                  Case No. 5:17cv173
                                                                   (Judge Stamp)

**WEXFORD HEALTH SOURCES INC.;**
**DOCTOR PAUL,** HEP-C Specialist for
Wexford; **LOLITA BUTCHER,**
Commissioner W.Va. Division of
Corrections; **JOHN T. MURPHY;**
**SHERRI DAVIS,** Warden of Huttonsville
Correctional Center; **ANGELA MCWILLIAMS,**
Counselor (RSAT) Program; **AIG INSURANCE**
**BOARD OF RISK MANAGEMENT; BETSY**
**JIVIDEN,** Commission WVA Division of
Corrections; **and PATRICK MIRANDY,**
Warden, St. Marys Correctional Center.

      **Defendants.**

## REPORT AND RECOMMENDATION

This matter is assigned to the Honorable Frederick P. Stamp, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the plaintiff's Motion for Injunction (ECF No. 8), and a supplement thereto. ECF No. 10.

## FACTUAL BACKGROUND

The plaintiff is a state inmate, who was incarcerated at the Huttonsville Correctional Center ("HCC") when he initiated this action. He is currently incarcerated at

the St. Marys Correctional Center.[1] Both facilities are located within the jurisdiction of this court. The plaintiff has been diagnosed with Hepatitis C. The plaintiff alleges that he is seeking an injunction against Wexford Medical Sources Inc. and their HEP C specialist, Dr. Paul, for subjecting him to serious risks to his health and safety and placing him in imminent danger by denying him needed medical treatment. More specifically, the plaintiff alleges that they refuse to provide him Harvoni which he identifies as a "curative treatment." ECF No. 8 at 2. The plaintiff indicates that he is suffering extreme pain in his right side, and the defendants have allowed him to suffer intentionally with the very purpose of causing him harm. The plaintiff requests that the court grant his motion for an injunction and "(**ORDER**) defendants to provide [him] with the curative treatment before [he] suffers any more additional harms." Id. at 4. (emphasis in original).

## STANDARD OF LAW

A preliminary injunction is "an extraordinary remedy that only may be awarded upon a clear showing that the plaintiff is entitled to such relief." *Dewhurst v. Century Aluminum Co.*, 649 F.2d 287, 290 (4th Cir. 2011) (quoting *Winter v. Natural Res. Def. Counsel, Inc.*, 555 U.S. 7 (2008)); see *Peterson v. National Telecommunications & Information Admin.*, 952 F. Supp.2d 313, 317 (E.D. Va. 2006) (quoting *Direx Israel Ltd.*

---

[1] The undersigned notes that well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 at *4 (E.D. Va. Dec. 2, 2011); see also *Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."), However, in the instant case, the plaintiff's claims relate to Wexford Health and Dr. Paul, their Hepatitis C specialist. Because Wexford provides medical care at all WVDOC facilities, the undersigned does not believe that his transfer moots his claim.

*v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir, 1992) (recognizing that "[a] preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which to be applied only in the limited circumstances which clearly demand it.").

In order to obtain the extraordinary remedy of a preliminary injunction, the burden is on the moving party to demonstrate: (1) "that he is likely to succeed on the merits," (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in his favor;" and "that an injunction is in the public interest." *Dewhurst*, 649 F.3d at 290 (internal quotation marks and citations omitted); see also *Direx v. Israel*, 952 F.2d at 812) (indicating that the moving party bears the burden of demonstrating the propriety of a preliminary injunction). In *Dewhurst*, after setting forth the above four-part test, the United States Court of Appeals for the Fourth Circuit separately highlighted the fact that controlling precedent from the Supreme Court of the United States requires that the plaintiff "**clearly show**" that he is likely to succeed on the merits. *Id. Winter*, 555 U.S. at 22 (emphasis added).

The demanding standard outlined above becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of preliminary injunction that merely preserves the status quo pending trial. *See East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004) (quoting *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that 'mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief")

**ANALYSIS**

3

The plaintiff's motion and supplement cite several recent court decisions that have recognized the potential significance of the developments in the treatment protocol for Hepatitis C and found that claims for denial of such treatment can support a plausible Eighth Amendment claim. Among those decisions, the undersigned believes that the opinion in *Cunningham v. Sessions*, No. 9:16-cv-1292, 2017 WL 2377838 (D.S.C. May 31, 2017) is particularly instructive herein.

In *Cunningham*, the plaintiff (Cunningham), an inmate at a federal prison in Bennettsville, South Carolina, sought treatment for Hepatitis C with the new generation of DAA drugs, and was refused. Similar to the plaintiff herein, Cunningham filed a complaint alleging that the defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment, and sought declaratory and injunctive relief, as well as monetary damages.

The *Cunningham* decision details the advances that have been made in the medications and treatment protocol for Hepatitis C, and determined that the refusal to provide curative therapy for Hepatitis C could plausibly state a claim under the Eighth Amendment. *Id.* at 1, 4-5. Specifically, the court noted:

> The Centers for Disease Control and Prevention ("CDC") has recognized that chronic Hepatitis C is a serious medical condition which can result in long term health problems, including cirrhosis of the liver, liver cancer, and death. [Footnote omitted]. There was no known cure for chronic Hepatitis C until very recently, and the therapies previously available produced inconsistent results and severe side effects. Since 2011, the FDA has approved [a] new generation of DAA drugs which have proven to be highly effective in the treatment and cure of Hepatitis C with minimal side effects.
>
> In response to the proven effectiveness of DAA drugs in curing Hepatitis C, two prominent professional associations of physicians specializing in the treatment of liver disease, the American Association for the Study of Liver Disease ("AASLD") and the Infectious Disease Society of America ("IDSA"), issued new joint recommendations for the treatment of chronic

4

> Hepatitis C in June 2016. The joint recommendation recognized that the new DAA drugs provided a "virologic cure" for chronic Hepatitis C and recommended that DAA drugs be administered to "all patients with chronic [Hepatitis C] infection" except those with short life expectancies in which transplantation or other direct treatment was not available. It also noted that delays in treatment of Hepatitis C with DAA drugs reduced the effectiveness of the drugs. [Footnote omitted]. These joint recommendations of the AASLD and IDSA were subsequently endorsed by the CDC as [] "evidence-based, expert-developed recommendations for hepatitis C management." [Footnote omitted].

*Id.* at 1. Thus, the court found that Cunningham's Complaint could state a plausible Eighth Amendment claim, stating:

> In reaching the conclusion that Plaintiff has plausibly set forth a claim under the Eighth Amendment, the Court is mindful of the rapidly evolving medical and legal issues generated by the FDA's approval of a new generation of highly effective and curative DAA drugs, the recent pronouncements of professional organizations of liver specialists stating that treatment of essentially all patients with chronic Hepatitis C with DAA drugs is now the standard of care, and the endorsement of these new recommendations by the CDC. The Court is also aware of recent court decisions which have recognized the potential significance of these developments in addressing claims of state and federal inmates with chronic Hepatitis C who have been denied treatment with DAA drugs. *See Allah v. Thomas*, ___ Fed. Appx. ___, 2017 WL 568313 (3rd Cir. Feb. 13, 2017) (reversing district court's dismissal of state inmate's Eighth Amendment claim for refusal to provide treatment with DAA drugs); *Postawko v. Missouri Department of Corrections*, C.A. No. 2:16-4219-NKL, 2017 WL 1968317 (W.D. Mo. May 11, 2017) (denying defendants' motion to dismiss state inmate's Eighth Amendment claim for denial of DAA drugs for chronic Hepatitis C); *Bernier v. Trump*, C.A. No. 16-828 (APM), 2017 WL 1048053 (D.D.C. Mar. 17, 2017) (denying motion to dismiss BOP inmate's Eighth Amendment claim for denial of DAA drugs); *Henderson v. Tanner*, C.A. No. 15-804-SDD-EWD, 2017 WL 1015321 (M.D. La. Mar. 15, 2017), adopting Report and Recommendation 2017 WL 1017927 (Feb. 16, 2017) (denying motion to dismiss state inmate's Eighth Amendment claim for refusal to treat with DAA drugs); *Abu-Jamal v. Wetzel*, C.A. No. 3-16-2000, 2017 WL 34700 (M.D. Pa. Jan. 3, 2017) (granting preliminary injunctive relief to state prisoner with chronic Hepatitis C and directing prison officials to provide plaintiff DAA drug treatment).[2]

---

[2] Aside from the decision in *Abu Jamal*, the undersigned has found no case that awarded a preliminary injunction with respect to the treatment of Hepatitis C. Moreover, the preliminary injunction in that case was awarded after the defendants had responded to both the complaint

5

*Id.* at 5.

While the plaintiff's complaint may state a claim for relief sufficient to survive summary dismissal, it fails to establish an entitlement to a preliminary injunction.[3] Specifically, the undersigned notes that this is the second complaint which the plaintiff has filed with respect to his Hepatitis C. See 3:15cv120. In the first case, the plaintiff was challenging a policy he maintains prohibited treatment of inmates with stage II fibrosis of the liver.  The case was ultimately dismissed on January 20, 2017, and his appeal was dismissed on April 24, 2017, for failure to prosecute.

In the instant case, the plaintiff again alleges that Wexford Health is maintaining unconstitutional policies, customs and practices to deny him adequate and necessary treatment. The court does not yet have before it any specific information regarding Wexford's policy on treatment of Hepatitis C for inmates in West Virginia, nor does the Plaintiff specify the policy, or portion of the policy he believes is unconstitutional by demonstrating deliberate indifference. However, it appears that Wexford relies on a number of factors, including the stage of fibrosis, blood test results, APRI scores. Moreover, a specialist monitors all patients with Hepatitis C. ECF No. 23-1 at 8.

Therefore, based on the record before the court, the plaintiff has not made  the necessary showing that he is likely to succeed on the merits. In addition, the plaintiff was diagnosed with Hepatitis C in or about November of 1999, and there is no evidence

---

and the motion for preliminary injunction. In addition, the court relied on three days of hearings conducted in Mr. Abu-Jamal's previous complaint regarding hepatitis C treatment, in which the court found as a matter of law that the Pennsylvania's DIC policy violated the Eighth Amendment but concluded that the defendants before it were not the proper parties against whom an injunction could issue.

[3] In *Cunningham*, the plaintiff's claims for injunctive and declaratory relief  survived a motion to dismiss, and it appears the parties subsequently settled all outstanding claims. However, no preliminary injunction was entered.

to suggest that his condition has deteriorated since his last case was filed nearly three years ago. Therefore, he also fails to establish that he will suffer irreparable harm in the absence of a preliminary injunction.

## RECOMMENDATION

Accordingly, for the reasons stated herein, the undersigned respectfully **RECOMMEND** that the plaintiff's Motion for Injunction [ECF No. 8] be **DENIED WITHOUT PREJUDICE**.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections.  Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 30, 2018

*s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE