IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONALD LEE TAYLOR,

    Plaintiff,

v.                                                    Civil Action No. 5:17CV173
                                                                (STAMP)
WEXFORD MEDICAL SOURCES INC.,
DOCTOR PAUL, Hepatitis C Liver
Specialist for Wexford,
LOITA BUTCHER, Commissioner,
West Virginia Division of Corrections,
BETSY JIVIDEN, Commissioner,
West Virginia Division of Corrections,
JOHN T. MURPHY, Warden,
SHERRI DAVIS, (A.W.O.),
KELLY LANHAM, (A.W.S.),
ANGELA McWILLIAMS, (formerly identified
as Angie Williams) Counselor (RSAT)
Program Huttonsville Correctional Center,
AIG INSURANCE BOARD OF RISK MANAGEMENT
and PATRICK MIRANDY, Warden,
St. Marys Correctional Center.

    Defendants.[1]

**<u>MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION FOR INJUNCTION</u>**

---

[1]This Court notes that the above-styled case caption does not exactly match the plaintiff's original complaint. It also does not match the case caption used by the magistrate judge in his report and recommendation (ECF No. 25). However, this Court has referenced several of the filings in this civil action (ECF Nos. 1, 7, 8, 23, 25), and has endeavored to appropriately style this civil action in order to resolve several apparent discrepancies and inconsistencies. The Court requests that the above-styled caption used in this memorandum opinion and order be used by all parties throughout the remainder of the proceedings in this civil action and further directs the clerk not to alter or amend the case caption of this civil action, other than to make the docket reflect these instant corrections, without further order of this Court.

I. <u>Background</u>

The <u>pro se</u>[2] plaintiff, Donald Lee Taylor, filed this civil action asserting claims against the defendants under 42 U.S.C. § 1983. Thereafter, plaintiff filed a motion for injunction which is now pending before this Court. ECF No. 8. The plaintiff has been diagnosed with Hepatitis C. In his motion, plaintiff is seeking an injunction against Wexford Medical Sources Inc. and their Hepatitis C specialist, Dr. Paul, for allegedly subjecting him to serious risks to his health and safety and placing him in imminent danger by denying him needed medical treatment in refusing to provide him "Harvoni" which he identifies as a "curative treatment." ECF No. 8 at 1-2. The plaintiff indicates that he "is suffering extreme pain in his right side quadrulent (liver)" and the defendants have allowed him "to suffer intentionally with the very purpose of causing [him] harm." <u>Id.</u> at 4. The plaintiff requests that the court grant his motion for an injunction and order defendants to provide him with the curative treatment before he suffers any more additional harms. <u>Id.</u>

This civil action was referred to the magistrate judge for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. United States Magistrate Judge James E. Seibert entered a report and recommendation. ECF No. 25.

---

[2] "<u>Pro se</u>" describes a person who represents himself in a court proceeding without the assistance of a lawyer. <u>Black's Law Dictionary</u> 1416 (10th ed. 2014).

The magistrate judge found that the plaintiff is a state inmate, who was incarcerated at the Huttonsville Correctional Center ("HCC") when he initiated this action, and is currently incarcerated at the St. Marys Correctional Center. ECF No. 25 at 1-2. The magistrate judge notes that well-established United States Court of Appeals for the Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." Taylor v. Riverside Regional Jail Authority, 2011 WL 6024499 at *4 (E.D. Va. Dec. 2, 2011); see also Rendellman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."). However, the magistrate judge reasoned that, in the instant case, the plaintiff's claims relate to Wexford Health and Dr. Paul, their Hepatitis C specialist, and because Wexford provides medical care at all WVDOC facilities, plaintiff's transfer does not make his claim moot. Id. at 2 n.2.

The magistrate judge states that "plaintiff's motion and supplement cite several recent court decisions that have recognized the potential significance of the developments in the treatment protocol for Hepatitis C and found that claims for denial of such treatment can support a plausible Eighth Amendment claim." Id.

3

at 4. Among those decisions, the magistrate judge found that the opinion in Cunningham v. Sessions, No. 9:16-cv-1292, 2017 WL 2377838 (D.S.C. May 31, 2017), is particularly instructive herein. In his analysis, the magistrate judge found that "[t]he Cunningham decision details the advances that have been made in the medications and treatment protocol for Hepatitis C, and determined that the refusal to provide curative therapy for Hepatitis C could plausibly state a claim under the Eighth Amendment." Id. However, the magistrate judge found that "[w]hile the plaintiff's complaint may state a claim for relief sufficient to survive summary dismissal, it fails to establish an entitlement to a preliminary injunction." Id. at 6. The magistrate judge notes this is the second complaint which the plaintiff has filed with respect to his Hepatitis C, and in the instant case, the plaintiff again alleges that Wexford Health is maintaining unconstitutional policies, customs and practices to deny him adequate and necessary treatment. Id. The magistrate judge states that the court does not yet have before it any specific information regarding Wexford's policy on treatment of Hepatitis C for inmates in West Virginia, nor does the plaintiff specify the policy, or portion of the policy he believes is unconstitutional by demonstrating deliberate indifference. Id. However, the magistrate judge further notes that "it appears that Wexford relies on a number of factors, including the stage of

4

fibrosis, blood test results, APRI scores" and that "a specialist monitors all patients with Hepatitis C." Id.

Thus, that magistrate judge found that "based on the record before the court, the plaintiff has not made the necessary showing that he is likely to succeed on the merits" and that there has been no evidence presented "to suggest that [the plaintiff's] condition has deteriorated since his last case was filed nearly three years ago." Id. at 7. The magistrate judge recommended that plaintiff's pending motion for injunction (ECF No. 8) be denied without prejudice. Id.

The magistrate judge informed the plaintiff that "[w]ithin fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The plaintiff filed a "report to the court" following the entry of the magistrate judge's report and recommendation. ECF No. 28. This Court does not construe plaintiff's filing (ECF No. 28)

5

as written objections to the magistrate judge's report and recommendation. In this "report to the court," plaintiff requests that this Court hold his motion for injunction in abeyance, and states that "[s]hortly after the Courts findings and recommendations I was preparing to do my Objection, however was informed by (Defendant's Wexford) — that my case was being submitted for Treatment (that I was in the running for it)." Id. at 1. Plaintiff represents that "On (August 6th, 2018) I spoke to a Nurse Practitioner from (CAMC) Charleston W. Va. by (Video) conference named (Lisa) who was gathering all my medical information to be submitted for determination as to what would be the best treatment to start me on, — at the conclusion of the meeting I was Informed by nurse Lisa that I would be seeing her again in three to (3 - 4) weeks to see how I was responding to treatment." Id. Plaintiff then adds that "[a]lthough treatment has not actually started as of this date, — it would appear that Defendant's have decided to now treat the Plaintiff with some form of new treatment (which if they do) such would render Plaintiffs Motion For Injunction as "**Moot**." Id. (emphasis in original).

For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the plaintiff did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

The standard for granting injunctive relief in this circuit is set forth in International Refugee Assistance Project v. Trump, 857 F.3d 554 (4th Cir. 2017), cert. granted, 137 S. Ct. 2081 (2017). "A preliminary injunction is an 'extraordinary remedy,' which may be awarded only upon a 'clear showing' that a plaintiff is entitled to such relief." Int'l Refugee Assistance Project, 857 F.3d at 607-08 (citing Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342 (4th Cir. 2009) (citing Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7 (2008))). Under the Fourth Circuit standard of review, "[a] preliminary injunction must be supported by four elements: (1) a likelihood of success on the merits; (2) that the plaintiff likely will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the plaintiff's favor, and (4) that a preliminary injunction is in the public interest." Id. at 608 (citing Real Truth, 575 F.3d at 346). In order to obtain the extraordinary

remedy of a preliminary injunction, the burden is on the moving party to demonstrate these elements. See Dewhurst v. Century Aluminum Co., 649 F.2d 287, 290 (4th Cir. 2011). The demanding standard outlined above becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of preliminary injunction that merely preserves the status quo pending trial. See East Tennessee Natural Gas Co. v. Sage, 361 F.3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief").

## III. Discussion

Upon review of the plaintiff's motion for an injunction and the underlying record in this civil action, this Court finds that in his report and recommendation, the magistrate judge correctly determined that while the plaintiff's complaint may state a claim for relief sufficient to survive summary dismissal as possibly stating a plausible Eight Amendment claim, it fails to establish an entitlement to a preliminary injunction as the plaintiff has failed to make the requisite showing that he is likely to succeed on the merits and has also failed to establish that he will suffer irreparable harm in the future. ECF No. 25 at 6. Again, this Court notes that plaintiff did not file written objection to the

8

magistrate judge's report and recommendation, but instead filed a report to this Court representing that he in fact did not prepare objections to the report and recommendation because "[his] case was being submitted for [t]reatment." ECF No. 28. Plaintiff explicitly states that based upon what he represents within his report, his motion for an injunction may be moot.

Thus, as the magistrate judge properly concluded, this Court finds that the plaintiff's pending motion for injunction should be denied without prejudice. This Court finds no clear error in any of the above determinations of the magistrate judge and thus upholds his rulings.

## IV. Conclusion

Because the plaintiff did not object to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 25) is hereby AFFIRMED and ADOPTED in its entirety.

Accordingly, plaintiff's motion for an injunction (ECF No. 8) is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se plaintiff by certified mail.

DATED: August 28, 2018

                                       <u>/s/ Frederick P. Stamp, Jr.</u>
                                       FREDERICK P. STAMP, JR.
                                       UNITED STATES DISTRICT JUDGE